1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MILBANK**, **TWEED**, **HADLEY** & **McCLOY LLP**
Robert J. Liubicic (SBN 271465)
rliubicic@milbank.com
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017-5735
Telephone:  (213) 892-4000
Facsimile:  (213) 629-5063

**MILBANK**, **TWEED**, **HADLEY** & **McCLOY LLP**
Sander Bak (*Pro Hac Vice*)
sbak@milbank.com
Nicole Vasquez Schmitt (*Pro Hac Vice*)
nschmitt@milbank.com
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

Attorneys for Defendants Deutsche Bank AG,
Deutsche Bank (Suisse) SA, and Deutsche Bank S.A.E.

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edward D. Fagan, individually, and as a member of the "Interest Association of Wertheim Heirs", <br><br> Plaintiff, <br><br> v. <br><br> Deutsche Bank AG, Deutsche Bank Suisse Geneva, Deutsche Bank Spain SA and Hans Hoffmann, deceased Honorary Consul General of Germany to Spain, <br><br> Defendants. | Case No. CV 12-07582 DSF(MANx) <br><br> **DEUTSCHE BANK AG, DEUTSCHE BANK (SUISSE) SA, AND DEUTSCHE BANK, S.A.E.'S REPLY IN SUPPORT OF MOTION TO DISMISS** <br><br> Complaint Filed:   September 5, 2012 <br> Judge:   Hon. Dale S. Fischer <br> Hearing Date:  None unless ordered by Court (*See* ECF No. 29) <br> Hearing Time:  1:30 p.m. <br> Courtroom:  840 - Roybal |

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ................................................................................................ 1

ARGUMENT ......................................................................................................... 2

I.     PLAINTIFF FAILS TO DEMONSTRATE THAT THE BANKS ARE SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA. .............................................................................. 2

     A.    The Banks Are Not Subject To Specific Jurisdiction. ......................... 2

     B.    The Banks Are Not Subject To General Jurisdiction. ......................... 3

     C.    The Exercise Of Personal Jurisdiction Here Would Be Unreasonable And Would Violate Due Process. ................................. 5

II.    THE COMPLAINT SHOULD BE DISMISSED ON GROUNDS OF *FORUM NON CONVENIENS*. ....................................................... 6

III.   PLAINTIFF'S CLAIMS ARE TIME-BARRED. ........................................... 9

     A.    The Applicable Swiss Statutes Of Limitations Have Expired. ............. 9

     B.    The Applicable California Statutes Of Limitations Have Expired. ....................................................................................... 10

IV.   PLAINTIFF LACKS STANDING. ............................................................. 10

V.    THE COMPLAINT FAILS TO SATISFY RULES 8(a) AND 9(b). ........... 12

CONCLUSION ................................................................................................... 13

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

<small>C</small>ASES

3

4
*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009) ......................................................................... 12

5
*Carijano v. Occidental Petroleum Corp.*,
6
643 F.3d 1216 (9th Cir. 2011) ......................................................................... 8

7
*Concat LP v. Unilever, PLC*,
8
350 F. Supp. 2d 796 (N.D. Cal. 2004) ............................................................ 7

9
*Dow Chem. Co. v. Calderon*,
10
422 F.3d 827 (9th Cir. 2005) ..................................................................... 3, 4

11
*Fagan v. Deutsche Bundesbank*,
438 F. Supp. 2d 376 (S.D.N.Y. 2006) ........................................................ 1, 2
12

13
*Fahmy v. Jay-Z*,
No. CV 07-5715 CAS, 2008 WL 4792383 (C.D. Cal. Oct. 29, 2008) ............... 4
14

15
*Franco v. United States DOI*,
No. CIV S–09–1072 KJM–KJN, 2012 WL 3070269 (E.D. Cal. July 27,
16
2012) ........................................................................................................ 3, 11

17
*Hall-Magner Grp. v. Convocation Flowers, Inc.*,
18
No. 11–CV–312 JLS (POR), 2012 WL 3069782 (S.D. Cal. July 27,
2012) .............................................................................................................. 6
19

20
*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450 (9th Cir. 2007) ......................................................................... 4

21
*NuCal Foods, Inc. v. Quality Egg LLC*,
22
--- F. Supp. 2d ---, 2012 WL 3528162 (E.D. Cal. Aug. 15, 2012) ............... 3, 5

23
*Reading Int'l v. Malulani Invs.*,
24
B238331, 2012 WL 4243892 (Cal. Ct. App. Sept. 21, 2012) .......................... 5

25
*Savage v. Glendale Union High Sch.*,
26
343 F.3d 1036 (9th Cir. 2003) ...................................................................... 11

27

28

REPLY IN SUPPORT OF MOTION TO DISMISS

*Silva v. U.S. Bancorp*,
   No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576 (C.D. Cal. Oct. 6,
   2011) ............................................................................................................ 12

*Tatum v. Schwartz*,
   No. Civ. S-06-01440 DFL EFB, 2007 WL 419463 (E.D. Cal. Feb. 5,
   2007) ............................................................................................................ 12

*Tuazon v. R.J. Reynolds Tobacco Co.*,
   433 F.3d 1163 (9th Cir. 2006) ...................................................................... 8

*U.S. v. Pangang Group Co., Ltd.*,
   --- F. Supp. 2d ----, 2012 WL 3010958 (N.D. Cal. July 23, 2012) ............. 5

*Valley Forge Christian Coll. v. Ams. United for Separation of Church &*
   *State, Inc.*,
   454 U.S. 464 (1982) .................................................................................... 11

*Vivendi S.A. v. T-Mobile USA, Inc.*,
   No. C06-1524JLR, 2008 WL 2345283 (W.D. Wash. June 5, 2008), *aff'd*,
   586 F.3d 689 (9th Cir. 2009) ........................................................................ 7

**RULES**

Fed. R. Civ. P. 8(a) .......................................................................................... 12

Fed. R. Civ. P. 9(b) .......................................................................................... 12

Fed. R. Civ. P. 26(a) .......................................................................................... 3

-iii-

# INTRODUCTION[1]

In a tacit concession that the Complaint is fatally defective, Plaintiff is eager to amend it.  On November 29, Plaintiff filed a motion to (i) amend the Complaint, as well as to (ii) "strike" the Motion to Dismiss, and (iii) compel the Banks to engage in discovery and mediation.  On December 3, Plaintiff filed an Opposition to the Motion to Dismiss, which (i) relies heavily on extraneous documents and "facts" nowhere mentioned in the Complaint, (ii) contains a variety of misrepresentations, and (iii) fails to respond to several of the Banks' arguments.  On December 7, the Banks filed their opposition to the November 29 Motion, in which they demonstrated that an amendment of the Complaint would be futile given the *forum non conveniens*, personal jurisdiction, statute of limitations, and standing deficiencies raised in the Motion to Dismiss.

Fagan's tactics in this case are consistent with his past misconduct that has resulted in multiple sanctions (and disbarments) against him.  (*See* Opp. to Nov. 29 Mot. at 3-7.)  And his flawed legal theories are consistent with theories that multiple courts have rejected at the motion to dismiss stage.  Indeed, this case bears a striking similarity to *Fagan v. Deutsche Bundesbank*, 438 F. Supp. 2d 376 (S.D.N.Y. 2006), where—just as here—Fagan attempted to use the U.S. courts to sue European banks for activities that took place entirely in Europe.  As here, Fagan tried to amend his complaint in that case to add new defendants and "facts"

---

[1]   All defined terms herein shall have the meaning set forth in Appendix 1.

after a motion to dismiss was filed.  The court denied Fagan's request and

dismissed his complaint, concluding that "Fagan's proposed amendments would be

futile," "would have no real effect on the forum non conveniens analysis," and

"indicate to the Court that Fagan is simply seeking to add defendants in a

transparent and wholly insufficient attempt to preclude dismissal for forum non

conveniens."  *Id.* at 391.  Just as the court held in *Deutsche Bundesbank*, this latest

Fagan lawsuit also does not belong in a U.S. court.  In addition, the Complaint

suffers from numerous further deficiencies detailed in the Motion and below,

which provide several independent grounds for dismissal.

## ARGUMENT

### I.   PLAINTIFF FAILS TO DEMONSTRATE THAT THE BANKS ARE SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA.

#### A.   The Banks Are Not Subject To Specific Jurisdiction.

As explained in the Motion, Plaintiff cannot demonstrate specific

jurisdiction here because all of the alleged activities took place in Europe and none

are alleged to have taken place in California.  Plaintiff now claims for the first time

that, because of "Deutsche Bank Director Marimon's purposeful entry into this

jurisdiction to direct that assets belonging to Dr. Bäuml be liquidated or transferred

to Deutsche Bank in Geneva or his took [*sic*] other control over the assets, the

elements of specific jurisdiction are satisfied."  (Opp. at 24.)  This allegation

appears *nowhere* in the Complaint and—as with numerous other new assertions in

his Opposition—Plaintiff provides no basis for it.[2]

## B.   The Banks Are Not Subject To General Jurisdiction.

As explained in the Will Decl. filed with the Motion, the Banks' contacts

with California do not come close to being substantial, continuous and systematic.

Plaintiff fails to refute the Will Decl.[3]   He makes three arguments to support

general jurisdiction; all of them fail.

Plaintiff first claims that general jurisdiction exists over DB AG because it

has been a plaintiff or defendant in other lawsuits in California courts.  (Nov. 29

Decl. ¶ 23; Opp. at 22; Opp. Ex. 5.)[4]   But he fails to cite a single decision actually

holding that DB AG is subject to personal jurisdiction in California.  In any event,

the cases he cites in which DB AG was a plaintiff do not arise out of the

transactions at issue in this litigation and thus cannot form the basis of personal

jurisdiction.  *See Dow Chem. Co. v. Calderon*, 422 F.3d 827, 833-36 (9th Cir.

2005) ("personal jurisdiction exists where a defendant also independently seeks

---

[2]   Plaintiff also now claims that the documents produced with his Fed. R. Civ. P. 26(a) initial disclosures [ECF 36] show "connections to California".  (Nov. 29 Decl. ¶ 32.) Plaintiff did not attach these documents to the Complaint and they cannot be considered here.  *See Franco v. United States DOI*, No. CIV S–09–1072 KJM–KJN, 2012 WL 3070269, at *6-7 (E.D. Cal. July 27, 2012) (improper to use extrinsic evidence in response to facial challenge to pleading).  In any event, the Banks do not see *any* reference to California in those documents.  (*See* ECF 36 at PE00001-65.)

[3]   Plaintiff's failure to counter the Will Decl. is itself sufficient to warrant dismissal. *See, e.g.*, *NuCal Foods, Inc. v. Quality Egg LLC*, --- F. Supp. 2d ---, 2012 WL 3528162, at *5 (E.D. Cal. Aug. 15, 2012) ("when there is a conflict between the complaint and an affidavit, plaintiff cannot rely solely on the complaint to establish jurisdictional facts"); (Mot. at 5 (citing cases).)

[4]   Certain documents included in Plaintiff's Exhibit 5 do not even relate to DB AG.

-3-

affirmative relief in a separate action before the same court *concerning the same transaction or occurrence*") (emphasis added)). Regarding the cases in which DB AG was a defendant—*even if* those cases involved the same transactions at issue here, which they do not, they still could not establish personal jurisdiction. *See id.* (defendants' choice not to challenge personal jurisdiction not a basis for personal jurisdiction in related case because "that choice was made only after they were haled into the district court"); *Fahmy v. Jay-Z*, No. CV 07-5715 CAS (PJWx), 2008 WL 4792383, at *4 (C.D. Cal. Oct. 29, 2008) ("a defense on the merits in a suit brought by one party does not constitute consent to jurisdiction in a suit brought by a different party").

*Second*, Plaintiff claims that DB AG "actively solicits and markets itself on its interactive website . . . which provides services to and solicits customers in California." (Opp. at 22.) But the Ninth Circuit "consistently [has] held that a mere web presence is insufficient to establish personal jurisdiction" where—as here—that website "simply provides information on the various products" offered by the entity and "redirects potential customers to the appropriate subsidiary." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007).[5]

---

[5] Plaintiff neglects to mention that, with regard to the website he cites (https://www.db.com/index_e.htm), if one clicks the link for "Private & Business Clients" a new page opens up (https://www.deutsche-bank.de/pbc/pr-international.html?kid=i.9186.90.70) that states, "[h]ave a look at the Deutsche Bank website of the country you are interested in." That page provides a link to country-specific Deutsche Bank websites and contact information. *Id.* The United States is not even one of the choices presented.

*Finally*, Plaintiff's *only* argument for personal jurisdiction over DB Spain and DB Suisse is that they are alter-egos of DB AG.[6]  Plaintiff provides *zero* support for this contention, which is refuted in the Reply Will Decl. and therefore cannot establish jurisdiction.  *See Reading Int'l v. Malulani Invs.*, B238331, 2012 WL 4243892, at *3 (Cal. Ct. App. Sept. 21, 2012) ("[t]here is no evidence that any of the entities referred to are alter egos of TMG.  There is, however, evidence in the form of Manson's declaration that they are not alter egos.").[7/8]

## C.   The Exercise Of Personal Jurisdiction Here Would Be Unreasonable And Would Violate Due Process.

Regarding reasonableness of exercising jurisdiction here over the foreign defendants, Plaintiff simply ignores the seven factors discussed in the Motion (pp.

---

[6]  Plaintiff claims that "[DB Spain] and [DB Suisse] share, and are governed by a common management and supervisory board, have common stocks and dividends, use a consolidated website to market themselves, [and] operate under the name and umbrella of 'The Deutsche Bank Group'".  (Opp. at 22.)  He then claims that "The Deutsche Bank Group' as Deutsche Bank AG . . . controls their activities and direction."  These misrepresentations are refuted in the Reply Will Decl. (¶¶ 4-6, 16).

[7]  In any event, Plaintiff's alter-ego theory fails because he cannot first show that DB AG is itself subject to personal jurisdiction in California.  Even if DB AG were, Plaintiff has failed to properly allege alter-ego.  *See NuCal Foods, Inc.*, 2012 WL 3528162, at *9 (listing numerous alter ego factors and noting that "[t]he corporate form is disregarded only in narrowly defined situations when the ends of justice so require"); Reply Will Decl. (¶¶ 4-16) (explaining corporate separateness of DB Spain and DB Suisse); *see also U.S. v. Pangang Group Co., Ltd.*, --- F. Supp. 2d ----, 2012 WL 3010958, at *12 (N.D. Cal. July 23, 2012) (parent "may be involved directly in financing and macro-management of its subsidiaries, without exposing itself to a charge that each subsidiary is merely its alter ego").

[8]  Plaintiff also simply declares—contrary to the Will Decl.—that the Banks have offices and staff in California.  (*Compare* Will Decl. ¶¶ 11, 14 *with* November 29 Decl. ¶ 25 and Opp. at 22.)  He also points to alleged U.S. sports tournaments and charity events (November 29 Decl. ¶ 25; Opp. at 22), but provides no basis for those references (which would not establish general jurisdiction in any event).

6-7), all of which favor dismissal.  Plaintiff instead claims that it is in the interest of the "public in California to hear this matter involving a former Nazi, a dishonest German Bank, looting and misappropriation of assets including assets from California," and other supposed bad acts.  (Nov. 29 Decl. ¶ 35.)  He provides no support for these aspersions, and the Complaint contains no allegation of any assets in California.  Plaintiff's bald assertions fail to establish personal jurisdiction.[9]

## II.  THE COMPLAINT SHOULD BE DISMISSED ON GROUNDS OF *FORUM NON CONVENIENS.*

The Motion demonstrates that there is no connection between this lawsuit and California, and that most of the relevant events, documents, and witnesses are in Switzerland.  In response, Plaintiff offers three reasons why this lawsuit supposedly belongs in California.  (Opp. at 10-11.)  None withstands scrutiny.

Plaintiff first argues that California is the only place where jurisdiction can be obtained over all Defendants.  (Opp. at 10.)  But as explained, the Banks are not subject to jurisdiction in California.  On the other hand, the Banks would consent to Swiss jurisdiction if this lawsuit were to be dismissed on *forum non conveniens* grounds and Plaintiff re-filed his suit in Switzerland.  (Reply Will Decl. ¶ 17.)

Next, Plaintiff claims that California "is where property that belonged to the

---

[9] Plaintiff's failure to establish any "colorable basis" for jurisdiction also warrants denial of his request for jurisdictional discovery. *See Hall-Magner Grp. v. Convocation Flowers, Inc.*, No. 11–CV–312 JLS (POR), 2012 WL 3069782, at *8-9 (S.D. Cal. July 27, 2012) ("[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery").

estate of Dr. Bäuml was before it was liquidated, transferred or over which control was exercised through the conspiracy." (Opp. at 10-11.)   Plaintiff offers no support for this statement.  And there is nothing in the voluminous documents he submitted to the Court that suggests that Bäuml's property was ever in California.  By contrast, the Complaint alleges that Bäuml's assets were located in an account at Credit Suisse in Switzerland.  (Compl. ¶¶ 52, 62.)

Plaintiff's final argument is that California is "the location where other property of the estate of Dr. Bäuml which assets and records have been concealed from the heirs by acts of Deutsche Bank Director Marimón." (Opp. at 11.)  Again, Plaintiff cites no support for this statement and there is nothing in the documents that Plaintiff submitted (or the Complaint) that suggests that any property of Bäuml was ever in California or that Marimón engaged in any activity in California.

The foregoing, coupled with the fact that Plaintiff does not live in California, strongly suggests forum shopping.  Perhaps Plaintiff chose California to avoid the states where he has been disbarred or sanctioned (*e.g.*, New York, New Jersey, Washington DC, Pennsylvania, Florida).  Whatever his reason, Plaintiff's forum-shopping means that his choice of forum is entitled to little deference.[10]

---

[10]   *See Vivendi S.A. v. T-Mobile USA, Inc.*, No. C06-1524JLR, 2008 WL 2345283, at *9 (W.D. Wash. June 5, 2008) ("the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons . . . the easier it becomes for the defendant to succeed on a *forum non conveniens* motion by showing that the convenience would be better served by litigating in another country's courts" (internal quotation omitted)), *aff'd,* 586 F.3d 689 (9th Cir. 2009); *Concat LP v. Unilever, PLC*,

-7-

There is also no merit to Plaintiff's suggestions that Switzerland is an inadequate forum because he believes he would be subject to ridicule and threats there and deprived of a fair hearing.  (Opp. at 8 n.5, 17.)  Aside from the lack of support for his claimed fears, Plaintiff does not cite a single case holding a forum inadequate on such grounds.  Indeed, the Ninth Circuit has rejected far more significant attacks as a basis for deeming an alternative forum to be inadequate.[11]

Plaintiff's claim that the Banks failed to identify any witness for whom a trial in California would be a burden, or relevant evidence located in Switzerland, fails on multiple grounds.  (Opp. at 7.)  First, it is self-evident from the allegations of the Complaint that the majority of the evidence (including Credit Suisse and DB Suisse account documents, *see, e.g.*, Compl. ¶ 66 n.17) is in Switzerland and that a trial in California would present a burden to witnesses.  Plaintiff also ignores the Will Decl., which confirms that "[i]t would present a significant hardship for the DB Defendants to have to litigate this case in California because, as I discuss herein, they do not have a physical presence in California."  (Will Decl. ¶ 17.)

As for witnesses, based on the Complaint they will include the following

---

350 F. Supp. 2d 796, 809 (N.D. Cal. 2004) ("courts should disregard a plaintiff's forum choice where the suit is a result of forum shopping").

[11] *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1226-27 (9th Cir. 2011) (rejecting argument that Peruvian courts provide an inadequate forum due to corruption, because "the evidence here does not support the conclusion that the Peruvian legal system is so fraught with corruption, delay and bias as to provide no remedy at all"); *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178-79 (9th Cir. 2006) (rejecting argument that Philippine court system provides an inadequate forum) (a "litigant asserting inadequacy or delay must make a powerful showing").

REPLY IN SUPPORT OF MOTION TO DISMISS

individuals, all of whom would be located in Switzerland:

- Employees of Swiss banks allegedly involved in the 1933 transfer of "The Wertheim Family assets to Switzerland and Swiss Banks, who promised identity protection and protection from seizure by the Nazis". (Compl. ¶ 51.)

- Employees of Credit Suisse in Switzerland allegedly involved in the 1990 transfers. (*See, e.g.,* Compl. ¶¶ 62, 66 n.17, 67, 72-73, 77-78, 80-81, 84, 86.)

- "[D]irectors/officers Pierre Diehr and Jaime Espinoza at Deutsche Bank Geneva," allegedly involved in the looting of the estate. (Compl. ¶ 85.)

- Other DB Suisse employees with knowledge of the alleged transfers from Credit Suisse to DB Suisse in the 1990s. (Compl. ¶ 66 n.17.)

- Individuals listed on Plaintiff's initial disclosures [ECF 36], such as "Mrs. Renate Sgier, . . . Zurich, Switzerland" and "Mr. Marc Ripes, former address Credit Suisse, Paradeplatz, Zurich, Switzerland."

By contrast, Plaintiff fails to identify a single witness relevant to this lawsuit located in California, and the Banks are not aware of any such witness.[12]

### III.   PLAINTIFF'S CLAIMS ARE TIME-BARRED.

####    A.   The Applicable Swiss Statutes Of Limitations Have Expired.

Plaintiff argues that (i) the German statute of limitations should apply, or (ii) if Swiss law governs, his claims should be subject to a 30-year statute of limitations period under Swiss inheritance law. (Opp. at 24-25; Fagan Decl. ¶¶ 37-38.) Both arguments fail.

---

[12] Plaintiff makes the frivolous claim that "jurisdiction is available over Marimón pursuant to the California Long Arm Statute . . . ." (Opp. at 12 n.6.) The Complaint never alleges that Marimón was ever in California or took any action relevant to the lawsuit that had an effect in California.

As explained in the Motion, the Swiss statute of limitations applies; Plaintiff's unsupported reliance on German law is inapposite.  (*See* Mot. at 11-12.) Additionally, as explained in the accompanying Reply Nobel Decl., the Swiss limitations period identified by Plaintiff is inapplicable because: (i) it is impossible to determine from the Complaint which jurisdiction's laws should apply to administering the Baüml estate; if, as Plaintiff claims, the estate is governed by German law, the Swiss inheritance provisions do not apply (Reply Nobel Decl. ¶ 20); (ii) the Complaint makes no showing that Plaintiff is a legal or named heir to the estate or that the Banks are the current possessors of the estate, which are required conditions to maintain a suit under the Swiss inheritance provisions (*id.* ¶ 21); and (iii) the Swiss inheritance provisions do not apply to Plaintiff's claims sounding in tort or for unjust enrichment and destruction of bank records (*id.*).[13]

**B.      The Applicable California Statutes Of Limitations Have Expired.**

Plaintiff does not dispute that the California statutes of limitations identified in the Motion apply to his claims.  His suggestion that these expired limitations periods are tolled under various fraudulent concealment theories (Opp. at 25) should be rejected for the reasons set forth in the Motion.  (Mot. at 15-16.)

**IV.      PLAINTIFF LACKS STANDING.**

The Motion demonstrates that Plaintiff lacks standing because he (i)

---

[13]   Plaintiff does not dispute that the Swiss limitations periods Dr. Nobel identifies as applicable to these claims have all expired.  (Nobel Decl. ¶¶ 19-21, 46-51, 53-56, 60-69.)

unlawfully purports to represent interests other than his own; (ii) fails to join indispensable parties; and (iii) insufficiently demonstrates injury in fact.  Plaintiff's response hinges *entirely* on documents outside of the four corners of the Complaint.  (*See* Opp. at 20 (referencing Nov. 29 Decl. and citing to Exs. 1, 3 & 4 attached to the Opp.).)  But the Banks' challenge to Plaintiff's standing is based on the allegations of the Complaint, and is therefore "facial" rather than "factual."  On a facial challenge, the Court's inquiry is limited to the Complaint.  *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003) (facial jurisdictional attacks "confin[e] the inquiry to allegations in the complaint"); *Franco*, 2012 WL 3070269, at *6-7 (plaintiff may not introduce extrinsic evidence in response to facial challenge).  The allegations of the Complaint fail to establish Plaintiff's standing, for the reasons set forth in the Motion.  (Mot. at 17-22.)

Nor would Plaintiff's extrinsic evidence aid him in any event.  Plaintiff points to a deed that purports to reflect an assignment to him of a 5 percent interest in the Bäuml estate—a mere two days before he filed the Complaint.  (*See* [ECF 36 at PE 000043-45].)  The Fagan Deed does not establish Plaintiff's standing.

*First*, Plaintiff still fails to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).  Apart from "buying into" the alleged injury to Bäuml, Plaintiff is wholly disconnected from the acts he attributes to the Banks

-11-

and cannot show injury to himself.  *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009) (no standing where plaintiffs alleged only injuries to others).

*Second*, the Fagan Deed confirms that Plaintiff obtained his rights to the Bäuml estate solely as a vehicle to bring this suit.  (*See* Fagan Deed at PE000044 ("The assignment is made for the purpose of asserting inheritance claims.").)  As explained, such tactics do not confer standing.  (Mot. at 22 n.19.)

*Finally*, the Fagan Deed suggests, at most, that Plaintiff is seeking to maintain this action as a successor in interest to causes of action owned by the decedent.  But as noted in the Motion, Plaintiff has not complied with California's requirements for maintaining an action as a successor in interest.  (Mot. at 22-24.) Plaintiff's Opposition does not even attempt to respond to this point.[14]

## V.   THE COMPLAINT FAILS TO SATISFY RULES 8(a) AND 9(b).

In response to his demonstrated violations of Rules 8(a) and 9(b), Plaintiff argues only that he should be permitted to file an amended Complaint.  (Opp. at 25.)  The Banks respectfully refer the Court to their Opposition to the November 29 Motion [ECF 40] and the accompanying Declaration of Sander Bak [ECF 41], where they demonstrate the futility of such proposed amendments.

---

[14]   This alone warrants dismissal.  *See Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *4 (C.D. Cal. Oct. 6, 2011) ("a court may treat those arguments that the plaintiff failed to address as conceded"); *Tatum v. Schwartz*, No. Civ. S-06-01440 DFL EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) (dismissing claim plaintiff failed to address).

REPLY IN SUPPORT OF MOTION TO DISMISS

## CONCLUSION

The Banks respectfully request that the Court grant their Motion and dismiss the Complaint with prejudice.

Dated:  December 14, 2012

Respectfully submitted,

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By:_____/s/ Robert J. Liubicic_____
Robert J. Liubicic
Sander Bak
Nicole Vasquez Schmitt

Attorneys for Defendants
*DEUTSCHE BANK AG*
*DEUTSCHE BANK (SUISSE) SA*
*DEUTSCHE BANK S.A.E.*

-13-

## APPENDIX 1

### *Definitions*

| Defined Term | Definition |
|---|---|
| Banks | DB AG, DB Spain, and DB Suisse |
| Complaint | Complaint filed by Plaintiff on September 5, 2012 [ECF 1] |
| DB AG | Deutsche Bank AG |
| DB Suisse | Deutsche Bank (Suisse) SA[15] |
| DB Spain | Deutsche Bank S.A.E.[16] |
| Fagan Deed | Plaintiff's Rule 26(a) Mandatory Disclosures [ECF 36] at PE 000043-45 |
| Motion, Motion to Dismiss, or Mot. | The Banks' motion to dismiss the Complaint [ECF 16] |
| Nobel Decl. | Declaration of Prof. Dr. Peter Nobel in Support of the Motion [ECF 18] |
| November 29 Motion or Nov. 29 Mot. | Plaintiff's "Motion (i) Granting Plaintiff Permission to File Amended Complaint; (ii) Striking Defendants' Motion to Dismiss (Dkt # 16) for Failure to Comply with Local Rule 7-3 and Judge's Individual Rule 7(b) and 8(a); (iii) Directing Defendants to Serve Rule 26(a) Mandatory Disclosures; (iv) Granting an Evidence Preservation Order; (v) Scheduling a Status Confernce [*sic*]; and (vi) Directing Parties [to] Submit to Mediation" [ECF |

---

[15]   DB Suisse is mistakenly named as "Deutsche Bank Suisse Geneva" in the Complaint.

[16]   DB Spain is mistakenly named as "Deutsche Bank Spain SA" in the Complaint.

| | 31] |
|---|---|
| November 29 Declaration or Nov. 29 Decl. | Plaintiff's Declaration in Support of November 29 Motion [ECF 32] |
| Opposition or Opp. | Plaintiff's Memorandum and Points of Authorities in Opposition to the Motion [ECF 33] and the exhibits thereto [ECF 35] |
| Opp. to November 29 Mot. | Banks' Opposition to November 29 Motion [ECF 40] |
| Plaintiff or Fagan | Plaintiff Edward D. Fagan |
| Reply Nobel Decl. | Declaration of Dr. Prof. Peter Nobel in Further Support of the Motion |
| Reply Will Decl. | Declaration of Heiner Will in Further Support of the Motion |
| Will Decl. | Declaration of Heiner Will in Support of the Motion [ECF 19] |

REPLY IN SUPPORT OF MOTION TO DISMISS

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017.

     On December 14, 2012, I served the foregoing document(s) described as **DEUTSCHE BANK AG, DEUTSCHE BANK (SUISSE) SA, AND DEUTSCHE BANK, S.A.E.'S REPLY  IN SUPPORT OF MOTION TO DISMISS** on the interested parties in this action:

     **X**    by placing ___ the original **X** a true copy thereof enclosed in sealed envelopes addressed as follows:

> **Edward D. Fagan**
> **Interest Association of Wertheim Heirs**
> **5708-01 Arbor Club Way**
> **Boca Raton, FL 33433**
> **faganinternational@gmail.com**

**X**    **BY ELECTRONIC TRANSMISSION**:  The foregoing document was transmitted via the Court's ECF System to the parties listed on the attached service list.

**X**    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on December 14, 2012 at Los Angeles, California.

               /s/ Alice Garcia
               Alice Garcia